FASTRACK APPEAL
PER CURIAM.
Appellee, First Union National Bank of Florida, sued Robert Needle and Mona R. Needle, his wife, in a four count complaint. The first two counts pertain to a note, the principal balance of which was $167,000.00. The note was secured by a mortgage on real property. The second two counts relate to a promissory note, the alleged balance of which was approximately $9,000.00, which note was secured by a security interest in a certificate of deposit. The complaint alleges both notes are in default. After denial of appellee’s Motion for Summary Judgment because appellee had failed to demonstrate there was no genuine issue of material fact vis-a-vis appellants’ affirmative defenses, appellee took Robert Needle’s deposition and again moved for summary judgment. The trial court granted summary judgement as to both notes and Robert Needle perfected this appeal.
Needle contends that the trial court erred in granting summary judgment because 1) summary judgment had previously been denied and no new affidavits had been filed, and 2) no affidavit proving up the second note had been filed.
We have considered the appellant’s points presented and find no error demonstrated in the first point. Appellant’s contention, that there was a contemporaneous oral agreement between the parties that the bank would look only to the security for the notes, is an attempt to contradict the unambiguous document by parole evidence. The trial court was correct in concluding that there was no genuine issue presented regarding that defense.
With regard to the second note, for some reason the appellee failed to file a supporting affidavit as to the amount owed. Appellant admitted in his answer that he was in default. However, the record did not establish the amount thereof.
Accordingly, the judgment appealed from is affirmed as to the first note originally dated September 31, 1984, and reversed as to the second note only as regarding the amount due and owing.
The case is remanded to the trial court for further consistent proceedings regarding the second note.
DOWNEY, DELL and WARNER, JJ., concur.